O’Neill, J.,
concurring.
{¶ 35} I concur in the majority’s statutory analysis. Simply put, the plain language of the statutes governs. While I understand the statutory framework, I write separately to explain the effect it is having on justice in Ohio’s courtrooms. The Ohio General Assembly has adopted a policy of mandating the sentences available to judges — which has the practical effect of telegraphing to judges: “No discretion needed here.”
{¶ 36} The root cause of almost all repeat criminal behavior is that the defendant failed to “get it” the last time. But this is not always true. Factors such as addiction and poverty commonly lead to repetitious offending. In those circumstances, mandatory jail terms, like that required for the specification in this case, tie the hands of the trial court judges. This case offers us an illustrative example: Does Edward South need another round in prison or a *305 comprehensive medical intervention for his addiction? It is likely that he needs both. A lengthy prison sentence alone simply will not cure this habitual drunk driver. There are those in the legislature who would truly like to replace judges with an automated data-processing machine. “You do this crime, and you get that sentence. Don’t bother me with the specific facts of the case.”
{¶ 37} This type of thinking led to R.C. 2951.041(B)(2), which ties the hands of the trial courts by excluding drunk drivers from the case-by-case attention regularly given to other offenders dealing with addiction. That makes no sense, since addiction is almost always at the core of repeat drunk-driving convictions. When a court imposes intervention in lieu of conviction, the intervention plan must require abstention from illegal drugs and alcohol, participation in treatment and recovery programs, and random testing for substances. R.C. 2951.041(D). In these cases, the court has broad power to craft creative methods for dealing with individuals on a case-by-case basis. Id. If an offender fails to comply with his or her plan, the court may impose a prison term. R.C. 2951.041(F).
{¶ 38} We elect judges to make decisions on a case-by-case basis. Theft to feed a child is obviously different from theft by a career criminal. I believe that we can trust Ohio’s elected trial court judges to make tough calls about sentencing. Judges act responsibly when given broad sentencing authority and the power to impose nonprison alternatives. Society does in fact render its judgment on the performance of all judges every six years at the ballot box.
{¶ 39} Our elected trial courts are eminently capable of crafting less costly and more effective alternatives to long and expensive imprisonment. Let judges do the jobs that they were elected to do.